UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:12-cr-00058-GFVT-HAI-7 |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD BURNS, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 381] filed by United States Magistrate Judge Hanly A. Ingram. Defendant Richard Burns is charged with four violations of his supervised release stemming from his possession and use of methamphetamine and non-prescribed phentermine in January 2018. [*Id.* at 1-2.] At a final revocation hearing before Judge Ingram on February 15, 2018, Mr. Burns admitted the factual basis for these violations. [*See id.* at 2.] The matter was then referred to Judge Ingram to recommend a proposed disposition.

On February 20, 2018, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Burns's supervised release and a three-month term of imprisonment followed by a three-year term of supervised release with the additional condition that Mr. Burns complete a ninety-day inpatient substance abuse treatment program upon release from incarceration. [*Id.* at 8.] Judge Ingram structured this recommended sentence based on the joint recommendation of both parties. Judge Ingram noted that defendant's current violation is

closely related to the conduct that led to the underlying conviction. [*Id.* at 6.] The Magistrate agreed with the parties' suggestion that the defendant be required to complete an inpatient treatment program to address his illicit drug use. [*Id.* at 4.] Judge Ingram credited the Mr. Burns with the substantial period of supervised release without violation, his work history, and his desire to help others through drug counseling. [*Id.*] On the whole, Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors throughout his Recommended Disposition, and he adequately explained why a below-guideline sentence of three months is appropriate in this case.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service. [*Id*. at 7.] *See* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition have been filed by either party. Indeed, Defendant Burns, through counsel, filed a waiver of allocution. [R. 382.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

    1.    The Recommended Disposition [**R. 381**] as to Defendant Richard Burns is

**ADOPTED** as and for the Opinion of the Court;

      2.      Defendant Burns is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

      3.      Defendant Burns's Supervised Release is **REVOKED**;

      4.      Mr. Burns is **SENTENCED** to the Custody of the Bureau of Prisons for a three-month term of imprisonment;

      5.      Following his release from incarceration, Mr. Burns is placed on supervised release for a term of three years; and

      6.      Upon release from incarceration and placement on supervised release, Mr. Burns must successfully complete a 90-day inpatient substance abuse program as an additional condition of his supervised release.

This the 2nd day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge