UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:12-cr-58-GFVT-HAI-7 |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD BURNS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 400] filed by

United States Magistrate Judge Hanly A. Ingram.  The Defendant, Richard Burns, is charged

with four violations of his supervised release conditions.  *Id.* at 2.  The four violations include

that he:  committed "another federal, state, or local crime;" failed to submit to a drug test;

tampered with drug testing; and that he failed to follow the instructions of his probation officer.

*Id.* at 2-4.  Judgment was originally entered against the Defendant in April 16, 2014, after Mr.

Burns was found guilty on one count for conspiracy to distribute a quantity of pills containing

oxycodone.  *Id.* at 1.  He was originally sentenced to 57 months followed by a three-year term of

supervised release.  *Id.*  Defendant later had his sentenced reduced to 46 months.  *Id.* at 1.  Mr.

Ball began his term of supervised release on May 2016.  *Id.*

In March 2018, the Defendant had his supervised release revoked for the first time after

he was found guilty of: use of a controlled substance – methamphetamine; (2) commission of a

crime; (3) use of a controlled substance – phentermine; and (4) commission of a crime.  *Id.* at 1.

This resulted in the Defendant being sentenced to three months of imprisonment and three-years of supervised release. *Id.* The Defendant was also ordered to complete a 90-day substance-abuse program. *Id.*

On May 7, 2018, Burns was again released and began his additional term of supervision. As ordered by the Court he was able to complete his substance-abuse program on September 15, 2018.

On December 21, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id.* This report alleged four violations. *Id.*

The Report first complains that Burns "commit[ted] another federal, state or local crime." Burns violated this condition when he was arrested for Flagrant Nonsupport in Laurel District Court. *Id.* at 2. As the basis for the Flagrant Nonsupport, the criminal complaint alleged that the Defendant had failed to pay child support amounting to $28,207.29. Flagrant Nonsupport is a violation of KRS § 530.050(2)(a), a Class D felony, and carries a term of imprisonment of not less than one year but not more than five years. *Id.* This conduct would constitute a Grade B violation. *Id.*

Following the Burn's arrest, Officer Tyler met with the Defendant at the Laurel County Detention Center. At that time Officer Tyler made several attempts to collect a urine sample from Burns, but he would not produce a specimen. *Id.* at 3. Failure to timely produce a urine sample is a Grade C violation. *Id.*

As a result of Burns failure to produce a urine sample, Officer Tyler fitted him with a drug sweat patch. *Id.* at 4. A drug sweat patch is designed to be worn for up to fourteen days, more than enough lasting time for Officer Tyler's return in a few days. *Id.* Yet, when Officer Tyler returned the nursing staff was in possession of the patch. *Id.* The nurses told Officer Tyler

that Burns had given them the patch after only a couple days.  *Id.*  Despite Burns' explanation that it fell off in the shower, Officer Tyler believes that Burns had obstructed and tampered with the patch.  *Id.*  This conduct constitutes a Grade C violation.  *Id.*

Finally, Burns was told to appear at the probation office upon his release from jail.  *Id.* at 5.  He failed to do so.  *Id.*  This conduct constitutes a Grade C violation.  *Id.*

At the final revocation hearing, held on February 5, 2019, Burns competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report.  [R. 399.]  On February 6, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Burns' supervised release and a term of fourteen months of imprisonment with no additional term of supervised release.  *Id.* at 10.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence.  *Id.* at 7.  Burns has been faced with unfair life obstacles but those do not excuse his lengthy criminal history.  *Id.* at 8.  His criminal history, and current conduct leads the Court to believe that he may still be abusing illegal substances.  *Id.*  Continued use risks his life and future criminal proceedings.  *Id.*

The need to deter criminal conduct weighs heavily in this case.  *Id.*  Burns needs to learn that his actions come with consequences.  *Id.*  He must also address his addiction problem.  *Id.* Unfortunately, there is nothing more the Court can do to help him on that journey since he has already completed multiple drug treatment programs.  *Id.*

Burns' sentence is the same as the parties' jointly recommended sentence.  While this recommended sentence is at the higher-end of the range, the prior leniency he received counsels in favor of a longer sentence.  *Id.*  Moreover, it is clear from Burns' conduct that he does not

want to comply with the terms of his supervision.  But none will be added.

Finally, Burns' violations are also a serious breach of the Court's trust.  The Defendant's casual attitude towards his conditions of release shows a need for an above the minimum sentence of revocation.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service.  *Id*. at 9.  *See* 28 U.S.C. § 636(b)(1).  No objections have been filed, and Defendant Burns submitted a waiver of allocution.  [R. 401.]  Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Recommended Disposition [**R. 400**] as to Defendant Richard Burns is **ADOPTED** as and for the Opinion of the Court;

2.      Defendant Burns is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3.      Burns' Supervised Release is **REVOKED**;

4

4. Mr. Burns is **SENTENCED** to the Custody of the Bureau of Prisons for a term of fourteen months of imprisonment:

5. It is further **RECOMMENDED** that Mr. Burns be:

   a)  Placed in in the incarceration facility closest to his home;

   b)  Allowed to serve as much of the time as possible while in a halfway house;

   c)  Given credit for the time he was detained in the Clay County Detention Center by detainer pursuant to his arrest warrant.

This the 13th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge